FILED
SUPERIOR COURT
OF GUAM

2019 JUL -8 PM 4: 46

CLERK OF COURT

BY:_____



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOANN BAMBA, | CIVIL CASE NO. CV0352-18 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| LUIS E. BUSTAMANTE dba J.J. Global Services, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Luis E. Bustamante dba J.J. Global Services' ("Defendant") Partial Motion for Summary Judgment. Attorney Edwin J. Torres represents Defendant, and Attorney John Richard Bordallo Bell represents Plaintiff Joann Bamba ("Plaintiff"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Plaintiff seeks monetary damages for Defendant's alleged violations of Guam's Fair Labor Standards Act during her employment by Defendant as a janitor from 2014 to 2017. *See generally*, Compl., Apr. 6, 2018. Plaintiff alleges that Defendant was in violation of the Fair Labor Standards Act because she was forced to work more than six hours straight with no break and was not paid overtime when she exceeded forty work hours per week. *Id.* Plaintiff alleges that she is entitled to treble damages for all unpaid wages pursuant to 22 G.C.A. § 3219, as well

as attorney's fees and costs pursuant to 22 G.C.A. § 3218. *Id.* at ¶ 51. Plaintiff further alleges that Defendant owed Plaintiff compensation in the form of health insurance which was fraudulently withheld in addition to Plaintiff's regular and overtime wages and benefits. *Id.* at ¶ 52.

On January 29, 2019, Defendant filed the instant Partial Motion for Summary Judgment. On February 25, 2019, Plaintiff filed her Opposition, and on March 11, 2019, Defendant filed his Reply.

## DISCUSSION

Plaintiff moves the Court to find that the applicable standard of limitations in this matter is two (2) years, and that any cause of action for wages due to the Plaintiff occurring over two (2) years prior to April 6, 2018, the filing of the Complaint, is untimely and precluded. *See generally*, Partial Mot. Summ. J., Jan. 29, 2019.

### A. Summary Judgment Standard

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. Rule 56(c). A genuine issue exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Izuka Corp. v. Kawasho Int'l (Guam) Inc.*, 1997 Guam 10 ¶ 7. The factual dispute must concern a material fact. *Id.* "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . [d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "[T]he Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Financial Corp.*, 2007 Guam 27 ¶ 7. "When a motion for summary judgment is made . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Guam R. Civ. P. Rule 56(e).

## B. Fair Labor Standards Act

Guam's Fair Labor Standards Act does not provide any statute of limitations for claims alleging violations of the Act. *See* 22 G.C.A. section 3101, *et seq.* Title 22 G.C.A. § 3116 provides, however, that the provisions of the Federal Labor Standards Act Field Operations Handbook "serve as the basic set of procedures, guidelines, and regulations governing the application of Fair Labor Standards in Guam." Under the Federal Labor Standards Act:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938 . . . if the cause of action accrues on or after May 14, 1947 – may be commenced within two years after the cause of action accrued, and every such action shall be forever barred *unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.*

29 U.S.C. § 255(a) (emphasis added). Defendant argues that the two-year statute of limitations applies in this matter, whereas Plaintiff argues that a three-year statute of limitations applies based on the cause of action arising out of a "willful violation" of the Act. *See* Partial Mot. Summ. J., Jan. 29, 2019 and Opp'n, Feb. 25, 2019. Accordingly, the issue before the Court is whether a two-year or three-year statute of limitations applies in this matter.

In *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988), the Supreme Court of the United States defined the standard of willfulness:

> In common usage the word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional." The word "willful" is widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct that is not merely negligent. The standard of willfulness that was adopted in *Thurston*—that *the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute*—is surely a fair reading of the plain language of the Act.

486 U.S. at 133 (internal citation omitted) (emphasis added). "For § 255's extension to obtain, an employer need not knowingly have violated the FLSA; rather, the three-year term can apply where an employer disregarded the very 'possibility' that it was violating the statute, although [the court] will not presume that conduct was willful in the absence of evidence." *Alvarez v.*

*IBP, Inc.*, 339 F.3d 894, 908-909 (9th Cir. 2003), *aff'd*, 546 U.S. 21 (2005) (internal citations omitted). *See also Flores v. City of San Gabriel*, 824 F.3d 890, 906 (9th Cir. 2016) ("An employer's violation of the FLSA is 'willful' when it is on notice of its FLSA requirements, yet takes no affirmative action to assure compliance with them."). Thus, to prove a particular FLSA violation as "willful" under section 255, "the Supreme Court has, in general, required evidence of an employer's knowing or reckless disregard for the matter of whether its conduct was prohibited by the statute." *Alvarez*, 339 F.3d at 909 (quoting *Richland Shoe Co.*, 486 U.S. at 133) (alterations in original omitted).

Here, Plaintiff alleges that the record at this time clearly establishes that Defendant willfully violated the Fair Labor Standards Act based on facts set forth in Plaintiff's Verified Complaint and a September 25, 2019 dated memo from Bustamante to Project Managers, Supervisors and All Employees. *See generally*, Opp'n. For facts in a verified complaint to be considered as evidence in a summary judgment motion, they must be based on personal knowledge and be admissible in evidence. (Guam R. Civ. P. 56(e)). "A verified complaint may be treated as an affidavit to the extent that the complaint is based on personal knowledge and sets forth facts admissible in evidence and to which the affiant is competent to testify." *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985). *See also Attorney Gen. of Guam v. Perez*, 2008 Guam 16 ¶ 29 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)) ("It is settled law that, in a summary judgment proceeding, the non-moving party may not merely rely on unsupported or conclusory allegations contained in the pleadings, but must present some significant probative evidence tending to support the assertions.").

The Court's review of the record does not indicate evidence of a willful violation of the Guam Fair Labor Standards Act. The Court is inclined to agree with Defendant that the statements set forth by Plaintiff in her Verified Complaint are not necessarily based on personal knowledge and supported facts. Further, the September 25, 2015 memo was addressed at Bustamante's Deposition whereby Bustamante testified that the memo was meant to "make sure that these people [the employees] have a clear understanding of you don't just run overtime on your own. It has to be a way – a procedure, have to be a reason and you need to fill out that

form, and say why you had to incur almost double the time that you work whatever you're assigned and incur overtime? And if you do incur it, you will be paid." (Bustamante Deposition, 73: 16-22, Feb. 1, 2019). The Court does not find that the memo presents probative evidence of an employer disregarding the very possibility that it was violating the Guam Fair Labor Standards Act. *See Alvarez*, 339 F.3d at 908. Accordingly, the Court GRANTS Defendant's Partial Motion for Summary Judgment. The statute of limitations in this matter is two (2) years.

CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Partial Summary Judgment. Further Proceedings are set for __AUG 0 8 2019__ at 2:00 p.m.

**IT IS SO ORDERED** this __5th__ day of July, 2019.

<br>

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Civile
Babal
Date: 7/5/19 Time: 5p
Deputy Clerk, Superior Court of Guam

*Bamba v. Bustamante dba JJ Global Services*
Case No. CV0352-18
Decision and Order